# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2395

_____

United States of America,      *
     *
       Plaintiff - Appellee,      *
     * Appeal from the United States
    v.      * District Court for the Eastern
     * District of Arkansas.
Isidro Navarette-Zamora,      *
     * [PUBLISHED]
       Defendant - Appellant.      *

_____

Submitted: **December 13, 2004**
Filed: July 20, 2005

_____

Before **MELLOY, BRIGHT, and BENTON, Circuit Judges.**

_____

PER CURIAM.

Isidro Navarette-Zamora pled guilty to conspiracy to distribute more than 500 grams of a mixture containing methamphetamine in violation of 21 U.S.C. § 846. The district court[1] found that his criminal history was Category I, he deserved a three-level reduction for acceptance of responsibility, he was responsible for over 1700

---

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

grams of methamphetamine, and his total offense level was thirty-one. The Guidelines range was 108 to 135 months, but the statutory mandatory minimum was 120 months. On May 18, 2004, the district court imposed the minimum, 120 month sentence.

Shortly after sentencing, defense counsel recognized that Mr. Navarette-Zamora was eligible for safety valve relief. On May 25, 2004, the district court granted an unopposed motion to modify the presentence report and correct the judgment. The district court found that Mr. Navarette-Zamora met all the criteria of U.S.S.G. § 5C1.2 such that the statutory mandatory minimum did not apply. Also, as adjusted under U.S.S.G. § 2D1.1(b)(7), his total offense level became 29. The resultant Guidelines range was 87 to 101 months. The district court applied the minimum sentence of 87 months.

Mr. Navarette-Zamora argues on appeal that his sentence involved error under Blakely v. Washington, 124 S.Ct. 2531 (2004). His appeal was pending when the Supreme Court issued its opinion in Blakely. Because he raises this issue for the first time on appeal, we review for plain error under United States v. Pirani, 406 F.3d 543, 551-52 (8th Cir. 2005). The district court, in May 2004, understandably made a factual finding by the preponderance of the evidence standard and applied the Guidelines as mandatory. Accordingly, there was error. Under Pirani, Mr. Navarette-Zamora must show that this error affected his substantial rights, i.e., that the error was prejudicial. Id. In this context, prejudice means that there is a reasonable probability that the district court would have granted a lesser sentence had the district court not treated the Guidelines as mandatory. Id.

Here, the district court initially imposed the statutory minimum sentence, then granted safety valve relief and imposed a bottom-of-the-range Guidelines sentence. There is nothing else to suggest that the district court would have granted a lesser sentence.

-2-

In Pirani, we held that a sentence at the bottom of the Guidelines range is insufficient, standing alone, for a defendant to make the required showing of prejudice. Id. at 553 ("But sentencing at the bottom of the range is the norm for many judges, so it is insufficient, without more, to demonstrate a reasonable probability that the court would have imposed a lesser sentence absent the Booker error."). Here, it is arguable that the district court's repeated bottom-of-the-range sentences suggest that the district court might have granted a lesser sentence had it not believed itself to be constrained by a mandatory sentencing regime. We reject this argument because, as we stated in Pirani, sentencing at the bottom of the range may be the norm. If it is the norm, it is not unexpected that a district court would repeat this action twice in the same case. Barring other indicia from the district court that a lesser sentence would be appropriate, Pirani forecloses relief on the present facts.

This appeal involves no other claims that merit discussion, and having carefully reviewed the record, we affirm the judgment of the district court. See 8th Cir. R. 47B. Counsel's request to withdraw is granted.

BRIGHT, Circuit Judge, dissenting.

I dissent.

I would remand this case for resentencing.

As the majority notes, the district court sentenced the defendant under mandatory guidelines and thereby erred. The error is plain. The only question is whether, under our decision in Pirani, there is a reasonable probability that the sentencing judge would impose a lower sentence if we sent the case back.

In Pirani we said that a sentence at the bottom of the guideline range is not enough to show a reasonable probability of a lower sentence on remand. Pirani did

-3-

not contemplate or consider the unusual situation we have here:  The sentencing judge gives the lowest available sentence the first time around; then it is discovered that the sentence can be even lower, and the judge gives the lowest available sentence the second time, too.

I think it is reasonably clear that the judge thought the available sentences were too high.  I think it is reasonably probable that the judge would give a lower sentence if she could.

Thus, here the sentence should be remanded.

———————————————